Dear Mr. Hughes:
Reference is made to your recent request for an Attorney General's opinion, as follows:
 "Under what circumstances, if any, may a Police Jury install culverts in publicly maintained road ditches for private driveway access to a public road?"
I am enclosing a copy of Attorney General's Opinion No. 79-509, which specifically addressed the issue of the installation of a culvert in a public drainage ditch. Opinion No. 79-509 appears to be directly responsive to your request. Therein, this office determined that if the culvert were for the sole benefit of a private landowner, then installation of the culvert would be the responsibility of the private landowner. However, that opinion also recognizes that if installation of the culvert is for the benefit of the public at large, then a Police Jury could install the culvert. La. Const. Art. VII, Sec. 14.
This office has addressed the issue of whether and when parishes and other political subdivisions can install culverts in a number of opinions. For your information and convenience, I am also enclosing a number of those opinions herewith. Specifically, included herein are Attorney General's Opinions Nos. 00-277, 97-459, 97-428, 93-396, 80-927, 78-425, 77-392 and 77-307. These opinions may be of assistance.
Please do not hesitate to contact this office if we can be helpful in other areas of the law.
 Yours very truly, RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ______________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv
DATE RELEASED: August 3, 2001
OPINION NUMBER 77-307
March 4, 1977
90-Police Juries — Powers and Duties
Police Jury has no authority to furnish labor in the installation of culverts to construct and maintain drainage from private property to private street within parish. Article IV, Section 12, 1921 Constitution; Article VII, Section 14, 1974 Constitution;
La.R.S. 33:1236 (2) (13).
Hon. Henry N. Brown, Jr. District Attorney 26th Judicial District Webster Parish Courthouse P. O. Box 758 Minden, LA 71055
Dear Mr. Brown:
In response to your letter of February 14, 1977, we have reviewed opinion Nos. 76-1026 and 74-1350, relating to the construction of culverts across open drainage ditches.
You advise that the Webster Parish Police Jury has been requested to furnish labor for the installation of culverts for a private driveway which connects to a private road, with the culvert and other materials being furnished by the private parties requesting Police Jury labor. You further advised that it is the intention of the Police Jury to accept this private road into the parish system at some time in the future.
As we advised in Opinion No. 74-1350 and 76-1026, the Police Jury has the authority to furnish labor only insofar as it is necessary to maintain efficient drainage in the public interest. The law provides this authority in order to "further the best interests of the parish and the parish road system" (La.R.S. 33:1236 (2)). There is no authority for the Police Jury to expend public funds for a works or development purely private in nature, as in the case of a private driveway connecting with a private road.
It is possible that the dedication of the private road to public purposes might change the situation and provide a basis for the Police Jury to participate to some extent in this work. If this should occur, we ask that you contact us with a view toward review of the changed fact situation.
I hope this information is of benefit to you, and if we may be of further help at any time, please call upon us.
Very truly yours,
 WILLIAM J. GUSTED JR. ATTORNEY GENERAL
 BY: ____________________________ Gary L. Keyser, Chef Lands and Natural Resources
GLK: fmu
OPINION NUMBER 77-391
March 11, 1977
107 Sheriff, Constables, Marshalls, etc. City Marshall may use police vehicle to attend law enforcement convention in the State. R.S. 33:401.
Mr. C. C. Cox City Marshall Town of Cotton Valley Parish of Webster Cotton Valley, Louisiana 71018
Dear Mr. Cox:
We previously acknowledged your opinion request wherein you asked whether or not you have authority to use a town vehicle to attend police or law enforcement conventions. We shall now attempt to answer same.
We assume that you are referring to a vehicle assigned to your office and further that such conventions are law enforcement related and are helpful to you in performing your duties as City Marshall. R.S. 33:401
provides in part that the mayor and board of aldermen have the power or function of caring, managing and controlling all municipal property. Therefore, they may restrict the use of town owned police vehicles for anything other than official business.
We are of the opinion that Police Chief Conventions in the State of Louisiana are pertinent to the operations or business of your office. Accordingly, you may use a town vehicle assigned to your office to attend such conventions.
We trust this answers your request. Should you need further clarification, please advise.
Very truly yours,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: ___________________________ JESSE JAMES MARKS Assistant Attorney General
JJM/mc
OPINION NUMBER 78-425
October 24, 1978
90-A-1 Public Funds Contracts POLICE JURY (power functions) Use of public monies for improvement to drainage and drives on private lands. La. Const. 7 § 14
Mrs. Ann Ezell Secretary-Treasurer Franklin Parish Police Jury 210 Main Street Winnsboro, Louisiana 71295
Dear Mrs. Ezell:
Reference is made to your opinion request concerning the expenditure of public funds by the Franklin Parish Police Jury. Specifically, you ask the following questions:
 (1) In a Watershed project when rights-of-way are being negotiated, is it legal for the Jury to replace bridges or culverts that are being torn out, due to additional or new excavation?
 (2) In ditches alongside Parish roads, is it legal to place culverts for a residence, etc., at no cost to the person, particularly if the Jury has adopted a policy designating the size, etc. to be installed in the ditches? We were previously advised that we could do so in order to maintain good drainage.
 (3) What constitutes a private drive, and what determines whether or not a Police Jury can legally place gravel on a road or drive?
In response to your first question, it is the opinion of this office that the Policy Jury may as a portion of the compensation to landowners for rights-of-way traversing their property for watershed projects offer to replace existing bridges or culverts which would be destroyed as a result of the granting of the right-of-way if the expense to be incurred in replacing said structure in addition to any other compensation offered to the landowner for said servitude will not exceed the fair market value of the servitude granted.
The answer to your second question has been answered by this office on previous occasions by Attorney General's Opinion 74-1350 and 76-1026, both written by Mr. Gary L. Keyser, Chief of the Lands and Natural Resources Division of our office which answered the following question posed by the Policy Jury of Winn Parish:
 "If the drainage ditch is part of the road right-of-way, and treated as such by the Police Jury, may they furnish any materials other than the labor as referred to in Opinion 74:1350?"
The response offered by our office was that the Police Jury would have the authority to furnish labor only insofar as it is necessary to maintain efficient drainage through the installation of the culverts at the proper elevation and grade, and then only when in the public interest. Copies of the above mentioned opinions are attached hereto and it is requested that you consult same for further explanation concerning your question Number (2).
In answer to your question Number (3) as to what constitutes a private drive, it has been the opinion of this office that private driveways are driveways which are located on private property. I am enclosing several opinions (Attorney General's Opinion Numbers 77-1442, 78-227, 76-649 and 76-1153) which provide that a Police Jury may not shell private parking lots and access roads to schools, churches and cemeteries nor may they improve roads leading to the homes of the poor nor may they shell a private drive even if for a public purpose.
Trusting that the above information adequately resolves your questions, I remain
Yours truly,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 BY: ____________________ DAVID E. HENDERSON STAFF ATTORNEY
DEH:dmz
OPINION NUMBER 80-927
August 7, 1980
90-A-1 Public Funds Contracts; 90 Police Juries — Powers Functions; Article VII, Section 14A Police Jury may legally provide cover material over culverts furnished by private individuals on private driveways.
Mr. William M. Bell Secretary-Treasurer Grant Parish Police Jury Courthouse Building Colfax, Louisiana 71417
Dear Mr. Bell:
This is in response to your opinion request of July 17, 1980, concerning whether the Grant Parish Police Jury may legally provide cover material over culverts furnished by private individuals on private driveways, which lead off private roads. You state that in many cases, culverts are located within the parish right-of-way.
It is provided in Article VII, Section 14 that political subdivisions shall not loan, pledge, or donate to any person any of its funds, credit, property, or anything of value.
 Article VII, Section 14, Paragraph A, provides:
 "Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. Neither the state nor a political subdivision shall subscribe to or purchase the stock of a corporation or association or for any private enterprise."
The foregoing constitutional article considered, it is the opinion of this office that the Grant Parish Police Jury may not provide cover material as described above.
If this office can be of further assistance to you in any manner, please do not hesitate to contact me.
Very truly yours,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 BY: ______________________ DAVID E. HENDERSON STAFF ATTORNEY
DEH:mcn
OPINION NUMBER 93-396
RELEASED JUNE 17, 1993
90 JURIES — Powers Duties 90-A-1 PUBLIC FUNDS CONTRACTS R.S. 33:1236(2), R.S. 33:1236(12), R.S.33:1236(13), R.S. 33:1236(2)(c), R.S.48:471, R.S. 48:485, R.S. 33:106, R.S. 33:3317, CONST 7.14
A Police Jury is authorized to expend public funds for the construction of the parish drainage system, where such construction is for the benefit of the general public. However, public funds may not be expended for a purely private purpose or for one which is predominately in the private rather than the public interest.
A Police Jury may not compel a private owner of a culvert to surrender title or to exchange title without the consent of the landowner, but does not have to provide labor or materials which benefit a private interest as distinguished from the public interest.
Mr. Jay Robin Free Assistant District Attorney Iberville Parish P.O. Drawer 880 Plaquemine, LA 70765-0880
Dear Mr. Free:
This responds to your letter of May 14, 1993, requesting an opinion of this office concerning the maintenance of drainage right-of-ways along parish roads by the West Baton Rouge Police Jury (Police Jury).
You advise that from time to time the Police Jury performs drainage surveys to determine which drainage right-of-ways should be upgraded, and that the Police Jury performs the necessary work to upgrade drainage where necessary.
You further advise that the Police Jury sometimes removes culverts from private driveways and replaces them with larger, generally better, culverts. The problem that has arisen is that at least one landowner has objected to the Police Jury removing the smaller culvert purchased by the landowner and utilizing it in another location since it is being replaced by a larger and more efficient culvert.
Our first observation is that the Police Jury has full authority to construct and maintain drainage, drainage ditches and drainage canals when such work will further the best interests of the parish and is in the public interest. See LA-R.S. 33:1236(2),(12),(13). See also with respect to making and repairing of roads and highways within the parish, LA-R.S. 48:471; LA-R.S. 48:485; LA-R.S. 33:106; LA-R.S. 33:3317.
However, the Police Jury may expend public funds, including materials and labor, only insofar as it is necessary to maintain efficient drainage in the public interest. As we advised in Opinion No's. 74-1350, 76-1026, 77-307, 77-1594, 78-188 and 79-509, a Police Jury is not authorized to perform such work if the work is for the exclusive benefit of private interests. The law provides that:
 "Police Juries may maintain private driveways within the right-of-way of a public road or highway owned by a parish when such maintenance serves a public purpose, but only to repair damage done by the public". See LA-R.S. 33:1236 (2)(c).
If the proposed upgrade of the parish drainage system is necessary because of changed conditions not resulting from actions by the particular private owner, the parish would be justified in the expenditure of funds for these purposes. However, if the drainage work is necessitated by action of the private owner or is for his sole benefit, then we are of the opinion that it is the responsibility of the landowner to pay for the new culvert. A public body is prohibited from donating public funds or property to a private individual under Article VII, Section 14 of the Louisiana Constitution 1974.
If the culvert is not intended solely to benefit a particular landowner, but is for the benefit of the public at large by aiding the drainage system, then it is our opinion that the Police Jury has authority for the proposed work. However, if as you have pointed out, a private landowner actually owns the existing culvert, i.e., it was not placed there earlier as a consequence of the expenditure of public funds, then we know of no authority for the Police Jury to compel a change in ownership of the culvert without permission of its owner.
You further ask whether the Police Jury may give title to the new culverts to the landowners and assume title to the old culverts, thus being able to use the old culverts on other parish jobs. Assuming that the culverts are of relatively equal value, this would be a possibility, but it is unlikely that this would occur under the circumstances which you describe, i.e., that the new culverts are larger and generally better ones. In this instance, it might be better to simply forego use of the old culvert and retain full title to the new one, leaving the old culvert for the recalcitrant landowner. Thus, in the future should it be necessary to again replace the culverts, the Police Jury would retain title to those being installed at the current time.
It is also possible that the Police Jury may be providing labor or materials which benefit the private landowner's driveway or property in some way, and the Police Jury might well exchange these benefits for the old culvert, assuming that they are of relatively equal value.
We hope this opinion is of benefit to you and if we may be of further assistance, please advise.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: GARY L. KEYSER, CHIEF Lands and Natural Resources Section
GLK/scp
OPINION NUMBER 97-428
NOVEMBER 12, 1997
71 MUNICIPALITIES90-A-1 PUBLIC FUNDS CONTRACTS90 POLICE JURIES — Powers and functions
ART. VII, § 14(A); R.S. 33:621 33:1324(2), (3) (6)
Municipalities have the authority to install culverts in drainage ditchesfor a public purpose and in the public's interest, as distinguished froma purely private purpose. Although a project may indirectly benefit aprivate landowner, it would not be prohibited solely on this basis,provided there is a public purpose for the work.
Honorable Lucas Denais Mayor, Town of Youngsville P.O. Box 592 305 Iberia Street Youngsville, LA 70592
Dear Mayor Denais:
This responds to your request for an opinion pertaining to the propriety of the Town of Youngsville installing culverts in a drainage ditch on private property where the Town believes the improvements to be in the public interest, as set forth in Ordinance No. 213 of September 11, 1997.
While no explicit statement was made as to how the improvements would be in the public interest, we will assume that the proposed work would relieve drainage problems within the Town of Youngsville, as well as on the private landowner's property.
The most authoritative statement of law which applies to this area is found in Art. VII, § 14(A) of the Louisiana Constitution of 1974, which prohibits the use of funds, credit or property of public entities from being used for a purely private purpose. The constitutional provision states as follows:
 Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private.
Therefore, funds, credit or property of the Town of Youngsville may be used only for a public purpose and in the public interest, not for a purely private purpose. Although a project may indirectly benefit a private landowner, it would not be prohibited on this basis, provided there is a public purpose for the work.
Prior opinions of this office have allowed the use of public funds insofar as it is necessary to insure efficient drainage through the installation of culverts at the proper elevation and grade, and then only when in the public interest, that is, when such would be necessary for the ". . . welfare of the city . . .". See La.R.S. 33:621 and 33:1324(2), (3) and (6). Under this circumstance, the Town could furnish the labor necessary to installation of the culverts, but not the gravel, culverts and other materials customarily furnished by private landowners. Of course, if a major project contemplating work for a drainage system serving all residents in the area was at issue, our answer might be different.
However, as we understand the current situation, the work under consideration is for a single landowner who is abutted by landowners on both sides who have paid the costs for the installation of culverts across their property.
This office has consistently held that a public entity would have no legal authority to furnish labor or materials for construction work or development which primarily benefits purely private interests, as distinguished from a public purpose in the public interest. Therefore, if the Mayor and Board of Aldermen have correctly made the public purpose determination, the use of public finds and resources would be authorized.
Our conclusions stated above would be different if the works are not for a public purpose to benefit the public interest, but for a purely private interest. Each factual situation must be reviewed on its own merits to determine whether a public purpose truly exists. See Opinions of Attorney General 74-1350; 76-1026; 77-307; 77-392; 77-1394; 78-425; 88-375; 93-396; etc.
We hope that this information is of benefit to you and if we may be of further help, please call upon us at any time.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ GARY L. KEYSER Assistant Attorney General
RPI/GLK:bb
OPINION NUMBER 97-459
NOVEMBER 12, 1997
90-A-1 PUBLIC FUNDS CONTRACTS 90 POLICE JURIES — Powers and functions Art. VII, 14(A) of 1974 La. Const.; La.R.S. 33:1236(2)
Police juries have the authority to install culverts in drainage ditches for a public purpose and in the public's interest, as distinguished from a purely private purpose. Although a project may indirectly benefit a private landowner, it would not be prohibited solely on this basis, provided there is a public purpose for the work.
Mr. Emmett R. Book Parish Administrator Franklin Parish Police Jury 6558 Main Street Winnsboro, LA 71295
Dear Mr. Book:
This responds to your request for an opinion of this office reviewing the criteria set forth by the Franklin Parish Police Jury regarding the annexation of existing roads into the parish road system.
We have reviewed the criteria set forth and made suggestions for their refinement and improvement, keeping in mind that the expenditure of funds and resources by the police jury must be for a public purpose and in the public interest.
The requirement that the funds, credit, property or other things of value of the parish must be used for a public purpose derives from Art. VII, § 14(A) of the Louisiana Constitution of 1974, which provides, in part, as follows:
 Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private.
Further, the revised statutes provide that funds and resources may be expended when necessary to "further the best interests of the parish and the parish road system". See La.R.S. 33:1236(2).
Therefore, for these reasons, the police jury would have authority to annex existing roads into the parish road system only for public purposes and when in the public interest.
We found the Police Jury discussion in the Special Session of September 15, 1997, very enlightening and a good discussion of the public policy considerations which have led to the enactment both of the constitutional and statutory provisions referred to above. The attached suggestions for criteria to be used by the police jury are provided to furnish a basis for further discussion to ensure that road annexations truly serve a public purpose and the public interest. There are no hard and fast rules prescribed by law other than the public purpose requirement, which generally resolves itself into a determination of what is fair, reasonable and lawful under a particular set of circumstances.
Therefore, in questionable cases, it is recommended that particular care be taken to get a legal opinion to serve as guidance under the circumstances.
We hope this opinion is of value to you, and if we may be of further assistance, please call upon us at any time.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ GARY L. KEYSER Assistant Attorney General
RPI/GLK/bb
Att.
CRITERIA — OPINION REQUEST #97-459
Existing roads proposed to be annexed into the parish road system must meet the following criteria:
 1) Any such road should serve a public purpose, as distinguished from a purely private purpose, and the jury shall make a finding as to the public purpose to be served by each road annexation.
 i) Such roads must serve more than two (2) landowners and/or residences, and there must be an independent public purpose beyond furnishing a route of ingress and egress for a private landowner/residence.
 ii) The jury must make a finding of public purpose in the case of roads serving two (2) or more landowner/residences.
 iii) Roads maintained in the past by the police jury may be annexed into the parish road system if the jury determines that past maintenance and public purpose needs justify the annexation.
 2) The existing roadway proposed to be annexed into the parish road system should meet existing requirements for road right-of-way, road width and surface construction.
 3) In the case of roads not previously dedicated by reason of maintenance according to law, the Police Jury shall require a written grant of right-of-way by the landowner, to be recorded with the Clerk of Court and Ex-Officio Recorder of Mortgages for the parish.
 4) In the case of roads sought to be annexed into the parish road system where the public purpose is questionable, the jury shall write the Legislative Auditor with and explanation of the circumstances or special circumstances and request advice or an opinion on the matter.
 OPINION NUMBER 00-277
September 1, 2000
90 POLICE JURIES — POWERS AND FUNCTIONS La.R.S. 33:1236
La.R.S. 49:125
La.R.S. 33:4711
Calcasieu Parish Police Jury may enter into a cooperative endeavor with individual property owners for the installation of culverts to improve the parish's drainage system. The police jury should contact the Louisiana Department of Revenue and Taxation for advice and guidance regarding the collection of sales tax.
Representative Vic Stelly House of Representatives Post Office Box 12725 Lake Charles, Louisiana 70612
Gernine Mailhes Assistant District Attorney Fourteenth Judicial District Parish of Calcasieu Post Office Box 3206 Lake Charles, LA 70602
Dear Representative Stelly and Ms. Mailhes:
We received your requests for our opinion regarding the purchase of culverts by the Calcasieu Parish Police Jury for resale to private citizens. As we appreciate the facts, the culverts may be installed on public and private property.
The powers of police juries are defined by the legislature in La.R.S.33:1236. Our jurisprudence establishes that police juries have no other powers than those specifically delegated to them. La.R.S. 33:621 empowers the police jury to regulate and control its streets and to provide for the general welfare of its citizens. The Calcasieu Parish Police Jury is authorized to use public funds to install culverts on public property and may install culverts on private property for a public purpose, i.e., to improve the drainage system of the parish. Atty. Gen. Op. 97-428.
The police jury is charging the private property owner for the culvert and labor involved in installing the culvert. The owner may choose to purchase the materials and do the work himself subject to the police jury's inspection. Thus, there does not appear to be any violation of Article 7, Section 14 of the Louisiana Constitution, which prohibits the donation, pledge, or loan of public property or funds, since the culverts are not being donated to anyone. Rather, the culverts are being furnished and installed by the police jury and paid for by the property owner.
The request of the Calcasieu Parish Police Jury mentions Article 7, Section 14 (C) of the Louisiana Constitution. This constitutional provision specifically allows the state or a political subdivision thereof to enter into a cooperative endeavor with a private individual for a public purpose. In order for the Calcasieu Parish Police Jury to avail itself of this provision, it must meet a three-prong test. First, the police jury must have a legal obligation to install the culverts. Second, the expenditure must be for a public purpose. Third, the expenditure must create a public benefit that is proportionate to its cost.
The police jury is authorized by statute to regulate and control its streets and to provide for the general welfare of its citizens. The expenditure clearly serves a public purpose. The benefit, a better and more uniform drainage system, is proportionate to the cost for such, assuming of course that the police jury is charging the private property owner for its costs alone. Thus, this arrangement appears to be a valid cooperative endeavor.
You also question if the police jury must pay and/or collect sales tax. La.R.S. 47:301 defines "person", with respect to sales tax, as an individual, corporation, or political subdivision of the state. However, political subdivisions of the state are specifically excluded from payment of state and local sales tax when purchasing materials and supplies. Therefore, the Calcasieu Parish Police Jury does not have to pay any sales tax on the purchase of the culverts. When selling the culverts to property owners, the police jury may not have to collect sales tax if the agreement is considered to be a lump sum contract rather than a sale. The property owner is not buying tangible, personal property. Rather, he is buying the completed project: the installation of a culvert by the police jury. However, we recommend that the police jury contact the Louisiana Department of Revenue and Taxation for further advice and guidance on this issue.
In sum, it is our opinion that the Calcasieu Parish Police Jury may enter into a cooperative endeavor with individual property owners to install culverts so as to improve the overall drainage system of the parish. We recommend that the police jury contact the Louisiana Department of Revenue and Taxation for advice and guidance regarding the sales tax issue.
We trust this adequately responds to your request. If you need additional information or have any questions whatsoever, please do not hesitate to contact our office.
With kindest regards,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ TINA VICARI GRANT Assistant Attorney General
RPI/TVG/crt
OPINION NUMBER 79-509
July 3, 1979
90-Police Juries-Powers Functions A Police Jury is not authorized to expend public funds for the construction of a culvert except where such construction is for the benefit of the general public.
Art. VII, § 14 La. Const. 1974 L.R.S. 33:1236 (2) (13)
Mr. J.D. Salter Secretary-Treasurer Sabine Parish Police Jury Many, Louisiana 71449
Dear Mr. Salter:
You have asked for an opinion from this office as to who would be responsible for placing a culvert in a public drainage ditch.
If the culvert is for the sole benefit of the private riparian landowner, then we are of the opinion that it is the responsibility of the landowner to construct the culvert. A public body is prohibited from donating its services to a private individual and therefore such work cannot be done by the Sabine Parish Police Jury. Art. VII, Sec. 14, Louisiana Constitution of 1974.
If the culvert is not constructed to solely benefit a particular riparian but is for the benefit of the public at large by aiding and abetting the drainage of the ditch, then it is our opinion that the Police Jury has the responsibility to construct the culvert. As stated above, the issue is whether or not the culvert is being placed in the ditch for the benefit of a private individual and not the public at large.
This is consistent with earlier opinions of this office holding that the police jury has authority and responsibility to maintain efficient drainage in the public interest. The law provides this authority in order to "further the best interests of the parish and the parish road system" (La.R.S. 33:1236 (2)). Again, there is no authority for the Police Jury to expend public funds for a works or development purely private in nature.
Copies of our earlier opinions 74-1350, 76-1026 and 77-307 are enclosed for your reading inasmuch as they explore this subject in greater detail.
If we may be of service in this matter, please advise.
Very truly yours,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: ___________________________ DAVID C. KIMMEL Assistant Attorney General
WJG, JR/DCK/ap enclosures